NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0728n.06
Filed: October 10, 2007

Case No. 05-2434

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

TIMOTHY DAVID MURPHY,

    Petitioner-Appellant,

v.

FRANK ELO, Warden,

    Respondent-Appellee.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

BEFORE: BATCHELDER and GILMAN, Circuit Judges; VARLAN,[*] District Judge.

THOMAS A. VARLAN, District Judge. Petitioner-Appellant Timothy David Murphy was convicted by a Michigan state-court jury on two counts of first-degree criminal sexual conduct, two counts of second-degree criminal sexual conduct, one count of breaking and entering an occupied dwelling, and one count of unarmed robbery. Murphy then entered a plea of guilty to being a habitual offender in the fourth degree. He was sentenced to four terms of life imprisonment on the criminal sexual conduct counts and two terms of imprisonment of 40 to 60 years on the breaking and entering and robbery counts, with all sentences to be served concurrently. Murphy appealed, arguing that there were no generally accepted scientific standards regarding DNA statistical evidence. The Michigan Court of Appeals affirmed his convictions and sentences, and the Michigan Supreme Court denied leave to appeal.

---

[*]Honorable Thomas A. Varlan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Pursuant to 28 U.S.C. § 2254, Murphy filed a petition for writ of habeas corpus, raising his DNA claim. Murphy subsequently moved to continue or stay his habeas proceedings so that he could raise additional claims and exhaust those claims in the state courts. The district court, upon recommendation by the magistrate judge, construed Murphy's motion as both a motion to amend and a motion to stay. The district court granted the motion to amend, denied the motion to stay, and dismissed the petition without prejudice so that Murphy could refile the petition after exhausting his state-court remedies as to the newly asserted claims.

Murphy then filed a motion for relief from judgment in the Michigan trial court, alleging ineffective assistance of trial and appellate counsel, prosecutorial misconduct, and judicial misconduct. The trial court found that Murphy had good cause for failing to raise these claims on direct appeal, but it concluded that the claims lacked merit. The Michigan Court of Appeals and the Michigan Supreme Court denied Murphy leave to appeal.

Murphy next filed an amended habeas petition in the district court, alleging the following six claims for relief: (1) his trial was fundamentally unfair because there were no generally accepted scientific standards regarding the DNA statistical evidence admitted at trial; (2) ineffective assistance of trial counsel; (3) prosecutorial misconduct; (4) intentional undue delay in his arrest; (5) cumulative errors resulting in an unfair trial; and (6) ineffective assistance of appellate counsel. The district court then vacated the order dismissing the previously filed habeas corpus petition, reopened the case, and directed the respondent to answer the amended petition. After the answer was filed, the magistrate judge recommended that Murphy's habeas corpus petition be denied. The district court adopted that recommendation over Murphy's objection and then denied Murphy's application

2

for a certificate of appealability. A circuit judge then granted Murphy's application for a certificate of appealability.

After careful review of the record, the law, the parties' briefs, and arguments of counsel, we are not persuaded that the district court erred in adopting the magistrate judge's report and recommendation and denying the habeas corpus petition. Because the reasons for that ruling have been fully articulated by the magistrate judge and adopted by the district court, the issuance of another detailed opinion by this court would serve no useful purpose. Accordingly, we **AFFIRM** the judgment of the district court upon the reasoning set out by the magistrate judge in his report and recommendation, as adopted by the district court.